[Cite as *Lake Humane Soc. v. Schmiege*, 2019-Ohio-5411.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| LAKE HUMANE SOCIETY, | : | **MEMORANDUM OPINION** |
| Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-092** |
| KAREN SCHMIEGE, et al., | : | |
| | : | |
| Appellants. | : | |
| | : | |

Appeal from the Mentor Municipal Court, Case No. 2019 CV 00915.

Judgment: Appeal dismissed.

*J. Jeffrey Holland and Danamarie K. Pannella,* Holland and Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Appellee).

*Michela J. Huth,* P.O. Box 17, Bolivar, OH 44612 (For Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellants, Karen Schmiege, et al., have filed an appeal of the trial court's ruling finding probable cause to seize two companion animals based upon suspected animal cruelty or neglect. We dismiss the appeal as moot.

{¶2}    Pursuant to R.C. 929.13(B), an officer may seize and impound a companion animal if that officer has probable cause to believe the animal is the subject of abuse and neglect. The officer must post statutory notice that a hearing will be held on the impoundment within 10 days. R.C. 959.132(C). At the hearing, the court shall determine

whether the officer had probable cause to seize and impound the companion animal. R.C. 959.132(E)(1). If probable cause is not found, the animal must be returned to the owners. R.C. 959.132(E)(2). If the court determines probable cause exists and determines an amount of bond or cash for deposit, the case shall continue and the owner must post a bond or cash deposit for the companion animal's care and keeping for not less than 30 days beginning on the date the animal was impounded. R.C. 959.132(E)(3). The owner may renew the deposit not later than 10 days following the expiration of the previous 30-day period. *Id.* If the owner fails to do so, and the court has determined the renewal is required, the impounding agency may determine the disposition of the companion animal unless the court issues an order that specifies otherwise. *Id.*

{¶3} In August 2019, a police officer seized two dogs from appellants' residence. A probable cause hearing was held, after which the trial court found probable cause existed to seize and impound the companion animals. The court ordered appellants to pay $600 for the care of the animals over a 30-day period. The court further ordered the owners to renew the deposit by posting not later than 10 days following the expiration of the period for which the previous deposit was posted. Appellants made the initial deposit, which covered the cost of care of the animals through October 1, 2019. The renewal was therefore due on October 11, 2019.

{¶4} Appellee, in its supplemental motion, avers that appellants failed to make the renewal payment. Appellants concede their payment was 10-days late. As a result, the impounding agency determined the disposition of the animals; to wit: one of the animals was euthanized due to diminished quality of life and the other was adopted.

2

Because the animals cannot be returned to appellants, appellee asserts the instant appeal is moot. We agree.

{¶5} A court has no duty to decide moot questions, i.e., those issues that are purely academic or abstract. *Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus. If an appellant cannot be granted effectual relief by a reviewing court, the appeal will be dismissed as moot. *In re Bates*, 11th Dist. Ashtabula No. 2000-A-0054, 2001 WL 1149863, (Sept.28, 2001), *2.

{¶6} Appellants claim the case is not moot because, if this court overturned the probable cause determination, such an outcome would have evidentiary implications in the criminal proceeding, i.e., the evidence in support of the prosecution would be less credible. Appellants' argument is speculative. We have no ability to assess the evidence the state intends on producing in support of their criminal case. Moreover, under R.C. 959.132(E)(2), if the trial court determines an officer lacked probable cause, the owner is entitled to the immediate return of the companion animal to its owner or the reasonable market value of the animal if it dies or is otherwise injured. We conclude this is the relief the General Assembly contemplated if a court determines an officer lacked probable cause to seize the companion animal. We have no ability to grant such relief. Thus, the remote or potential benefit that might redound to appellants' defense in the criminal case does not overcome appellee's mootness argument.

{¶7} Here, appellants were obligated to post $600 for the care of the companion animals by October 11, 2019. Regardless of their reasons, they did not do so. As a result, R.C. 959.132(E)(3) authorized the impounding agency, here the Lake County Humane Society, to determine the disposition of the animals. It determined that one

3

animal's condition necessitated humane euthanasia and the other was adopted by a third party. The impounding agency accordingly no longer has access to or control over those animals. Although appellee originally argued the underlying order is not a final, appealable order, we need not reach that issue. Because we can afford appellants no meaningful relief, we conclude the matter must be dismissed as moot. Moreover, because the substantive issue in this appeal is moot, we additionally conclude appellee's "motion to correct docket," which sought to correct the case's caption, is also moot.

TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.