[Cite as *In re 7242 Chapel Rd., Madison, OH 44057*, 2020-Ohio-5385.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

IN RE:

7242 CHAPEL ROAD,
MADISON, OH  44057

**MEMORANDUM OPINION**

**CASE NO. 2020-L-082**

Civil Appeal from the Painesville Municipal Court, Case No. CVH2000955.

Judgment: Appeal dismissed.


*J. Jeffrey Holland*, Holland and Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Plaintiff-Appellee, Lake County Humane Society).

*Michela J. Huth*, P.O. Box 17, Bolivar, OH  44612 (For Defendants-Appellants, Alicia Orosz and Hope Orosz).


MATT LYNCH, J.

{¶1}    On July 7, 2020, appellants, Alicia Orosz and Hope Orosz, through counsel, appealed from a June 17, 2020 entry of the Painesville Municipal Court, in which the trial court ordered appellants to pay a deposit for several animals that were impounded, and if no deposit was paid, appellee had the authority to dispose of the animals as it deemed appropriate.

{¶2}    On July 17, 2020, appellee, through its counsel, filed a motion to dismiss the appeal for lack of a final appealable order.  Appellee also filed a second motion to dismiss on October 6, 2020, alleging that the appeal be dismissed as moot since appellants did not pay the deposit, the animals were forfeited and have now been transferred to third parties.  Appellants filed opposition to both motions.

{¶3} Pursuant to R.C. 959.132(B), an officer may seize a companion animal if the officer has probable cause to believe the animal is the subject of cruelty and neglect. The officer must post a written notice of the seizure and advise that a hearing will be held on the impoundment within 10 days. R.C. 959.132(C). At the hearing, the court will determine if the officer had probable cause to seize and impound the animal. R.C. 959.132(E)(1). If probable cause does not exist, the animal must be returned to the owner. R.C. 959.132(E)(2). If the court decides probable cause exists, the court will determine an amount of bond or cash for deposit, the case shall continue, and the owner must post a bond or cash deposit. R.C. 959.132(E)(3). The owner may renew the bond or deposit by posting, not later than 10 days following the expiration of the period for which the previous bond or deposit was posted. *Lake Humane Society v. Schmiege*, 11th Dist. Lake No. 2019-L-092, 2019-Ohio-5411, at ¶ 2. If no bond or deposit is posted or expires and is not renewed, an impounding agency may determine the disposition of the companion animal unless the court issues an order that specifies otherwise. *Id.*

{¶4} "A court has no duty to decide moot questions, i.e., those issues that are purely academic or abstract." *Id.* at ¶ 5. This court further stated in *Schmiege*, "[i]f an appellant cannot be granted effectual relief by a reviewing court, the appeal will be dismissed as moot." *Id.*

{¶5} In the case at hand, on June 16, 2020, a police officer seized 34 animals comprised of cats and birds from appellants' residence following the execution of a search warrant. A probable cause hearing was held the following day with appellants present. The trial court found probable cause existed to seize and impound the animals and ordered appellants to pay $10 for each animal per day until July 16, 2020. The court

2

further ordered appellants pay a deposit by the close of business on June 22, 2020, and ordered appellants to renew the deposit by posting no later than 10 days following the expiration of the period for which the previous deposit was posted. Appellants never made the initial deposit, and the animals were subsequently transferred or adopted out to third parties.

{¶6} In appellee's latter motion to dismiss, it asserts that because the animals cannot be returned to appellants, the instant appeal is moot. We agree.

{¶7} In their response, appellants claim the case is not moot because "if the animals are the only subject matter as claimed by [appellee], the inability of a litigant to appeal these probable cause cases continues to evade review."

{¶8} Under R.C. 959.132(E)(2), if the trial court had determined that an officer lacked probable cause, the owner would be entitled to the immediate return of the companion animal or the reasonable market value of the animal if had died or been otherwise injured. We conclude this is the relief the General Assembly contemplated if a court determined an officer lacked probable cause to seize the companion animal. We have no ability to grant such relief.

{¶9} Here, appellants were obligated to post money for the care of the animals. Regardless of their reasons, they did not do so. As a result, appellee, the impounding agency, was authorized to determine the disposition of the animals. Those animals were subsequently transferred or adopted out to third parties. Thus, the impounding agency no longer has access to or control over those animals.

3

{¶10} Appellee originally argued in a motion to dismiss that the underlying order is not a final, appealable order, we need not reach that issue. Because we can afford appellants no meaningful relief, we conclude the matter must be dismissed as moot.

{¶11} Accordingly, appellee's July 17, 2020 motion to dismiss is overruled, and appellee's October 6, 2020 motion to dismiss is granted. This appeal is hereby dismissed as moot.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.